IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| LAUREN COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 3:06cv138-MHT |
| | ) | (WO) |
| AMBASSADOR PERSONNEL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

The issue before the court is whether, under Title
VII of the Civil Rights Act of 1964, as amended, 42
U.S.C. §§ 1981a, 2000e through 2000e-17, plaintiff Lauren
Cooper is entitled to declaratory relief, injunctive
relief, attorney's fees, and court costs from defendant
Ambassador Personnel, Inc. on the following mixed-motive
jury findings: that Cooper's pregnancy was a motivating
factor in Ambassador's decision to terminate her but that
the company would have fired her anyway.  Based on these
findings, the court immediately after trial denied all
relief to Cooper, entered judgment in favor of

Ambassador, and taxed Ambassador's court costs against Cooper.  Cooper then moved to modify the judgment.

For reasons that follow, Cooper's motion will be granted to the extent that the court taxed Ambassador's court costs against her and the motion will be denied in all other respects, with the result that Cooper will still obtain no relief, judgment will remain in favor of Ambassador, and the parties will bear their own attorney's fees and costs.


I.

In June 2002, Cooper began work with Workstaff Personnel, a company now known as Ambassador Personnel. She was hired as a customer service representative.  In April 2003, the company promoted her to the position of business development manager for the company's office in Opelika, Alabama.

In June of 2004, Cooper learned she was pregnant and informed company officials.  During the following three

2

months, despite having never been formally disciplined by the company before, Ambassador reprimanded her with three written counseling statements.  The company took these disciplinary actions on the grounds that she had failed to make at least 20 sales calls a week; failed to make daily bank deposits; and been insubordinate.  Cooper's third and final counseling statement, written in September 2004, resulted in her termination.

In August 2005, Cooper brought this lawsuit charging Ambassador with pregnancy discrimination in violation of Title VII.[1]  The jurisdiction of the court was invoked pursuant to 42 U.S.C. § 2000e-5(f)(3).  After a trial, a jury returned a verdict finding that Cooper's pregnancy was a motivating factor in Ambassador's decision to terminate her but that the company would have fired her anyway, that is, even if it had not been motivated by her

---

1.  This case was brought in federal court in the Northern District of Alabama in 2005 and transferred to this district, the Middle District of Alabama, in 2006. Hence, this case bears a 2006 civil-action number, that is, 3:06cv138-MHT (emphasis added).

3

pregnancy.[2]   The court then entered a judgment and taxed

court costs in favor of Ambassador, with the result that

Cooper took nothing from this lawsuit and had to pay

Ambassador's court costs.   Ambassador has filed a cost

bill of $ 2,567.64.

Pursuant to Fed.R.Civ.P. 59(e), Cooper has now moved

the court to modify its judgment.   She requests

---

2.   The jury verdict was, in part, as follows:

"Pregnancy-Discrimination Claim

1. Has Lauren Cooper proved by a
preponderance of the evidence that her
pregnancy was a motivating factor for
the decision by Ambassador Personnel to
terminate her, even though other factors
may have also motivated Ambassador?

Yes  X
No  _____
xxx

2. Has Ambassador Personnel proved by a
preponderance of the evidence that it
would have taken the same adverse
employment action against Cooper even in
the absence of the factor of her
pregnancy?

Yes X
No  _____"

4

declaratory relief, injunctive relief, attorney's fees, and court costs in her favor.

## II.

Title VII provides that, "It shall be an unlawful employment practice for an employer ... to discharge any individual ... because of such individual's ... sex." 42 U.S.C. § 2000e-2(a)(1). Discrimination "because of sex" and "on the basis of sex" includes discrimination "because of or on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k). Title VII also provides that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes." Id.

"[A]n unlawful employment practice is established when the complaining party demonstrates that ... sex ... was a motivating factor for any employment practice, even though other factors also motivated the practice." 42

U.S.C. § 2000e-2(m).  However, a defendant may limit its liability as follows if it establishes that it "would have taken the same action" against the plaintiff "in the absence of the impermissible motivating factor," 42 U.S.C. § 2000e-5(g)(2)(B): a court "(i) may grant declaratory relief, injunctive relief (except as provided in clause (ii)), and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e-2(m) ...; and (ii) shall not award damages or issue an order requiring any admission, reinstatement, hiring, promotion, or payment." Id.; see also Desert Palace, Inc. v. Costa, 539 U.S. 90, 94 (2003) (noting that, under the amendments, "available remedies include only declaratory relief, certain types of injunctive relief, and attorney's fees and costs.").

Therefore, in order for a plaintiff to be entitled to full relief in a mixed-motive sex-discrimination suit, "a court must find: first, that the plaintiff has established that gender was a motivating factor for a

decision by the defendant, even though other factors also motivated the defendant; and, second, that the defendant has failed to establish that it would have taken the same adverse-employment action against the plaintiff even in the absence of the impermissible factor." White v. Verizon S., Inc., 299 F.Supp.2d 1235, 1240 (M.D. Ala. 2003) (Thompson, J.).  If the plaintiff shows merely that gender was a motivating factor, she has still established liability, and whether the defendant has met its same-action burden of proof would go to the nature of the relief available.  Id. at 1239; see also Hall v. Alabama Ass'n of Sch. Bds., 326 F.3d 1157, 1165 (11th Cir. 2003) ("if the employee shows merely that [an unlawful consideration] was a motivating factor, [s]he has established liability and thus may be entitled to some relief."); Canup v. Chipman-Union, Inc., 123 F.3d 1440, 1442 (11th Cir. 1997) ("[T]he plaintiff prevails if he or she proves that an improper motive was a factor in the employment decision, but ... the defendant can limit its

liability if it can prove that it would have made the same decision even if the improper factor had not been considered."); Rawlinson v. Whitney Nat'l Bank, 416 F.Supp.2d 1263, 1267 (M.D. Ala. 2005) (Thompson, J.) (Under Title VII, "if the employee shows merely that [an unlawful consideration] was a motivating factor, she has established liability and thus may be entitled to some relief.").

With her motion to modify judgment, Cooper contends that, because the jury found that her pregnancy was a motivating factor in Ambassador's decision to terminate her, Title VII entitles her to declaratory relief, injunctive relief, attorney's fees, and court costs.

Declaratory and Injunctive Relief: Cooper asks this court to enjoin Ambassador from committing discriminatory actions against women; require that the company adopt a policy prohibiting gender discrimination in the workplace; and require that the company provide yearly training for all managers regarding gender

discrimination.   Cooper also asks the court to declare that Ambassador violated Title VII by terminating her.

Ambassador responds that, although Cooper asked for this relief in her complaint and amended complaint, the court should deny her requests because she failed to include the requested relief in the pretrial order. Ambassador relies on <u>Walker v. Anderson Elec. Connectors</u>, 944 F.2d 841 (11th Cir. 1991), where the plaintiff included her requests for declaratory and injunctive relief in her complaint, but withdrew them in the pretrial order.   As the   Eleventh Circuit Court of Appeals put it, "At the pre-trial conference, ... [plaintiff] narrowed her grocery list of remedies by dropping her request for a declaratory judgment and an injunction." 944 F.2d at 842.   Then, subsequent to a jury finding that the defendant had sexually harassed the plaintiff but that she had sustained no monetary damages, the plaintiff filed post-trial requests for declaratory and injunctive relief; the district court denied the

9

requests, and the plaintiff appealed.  The Eleventh Circuit treated her post-trial requests as a motion to amend the pretrial order and upheld the district court's decision.

This case is unlike <u>Walker</u> in that, at the pretrial conference held before this court, Cooper never "narrowed her ... list of remedies," <u>id</u>.; indeed, there was no discussion of such at the conference at all.  Cooper therefore never actually withdrew her requests for declaratory and injunctive relief.  Because she properly raised them in her complaint and amended complaint, the court does not agree with Ambassador that she waived or withdrew her opportunity to seek such relief post-trial; their omission from the pretrial order did not constitute a withdrawal or waiver, especially absent some indication from the court or Ambassador at the time of the pretrial conference and entry of the pretrial order that the failure to restate the requests constituted a withdrawal or waiver.  Indeed, it has never been the practice in

this court that a party must restate in the pretrial order any requested relief or suffer a holding that the relief has been abandoned or withdrawn; and, in accordance with this practice, neither the parties here in their proposed pretrial order, nor the court in its later entry of that order, set aside a section in the pretrial order for the plaintiff to clarify or narrow or restate what relief was being requested.[3]

Moreover, the Eleventh Circuit has recently stated that, "Under Rule 54(c) and Title VII, the district court has broad discretion in fashioning relief to achieve the broad purposes of the Civil Rights Act and has authority to award appropriate relief dictated by evidence, 'even

---

3.  The instances where relief has been stated in the pretrial order have been where the parties, prior to the pretrial hearing, have disputed whether the relief is available at all under a statute and, at the pretrial, want to clarify their positions or indicate their resolution of the dispute; and where the parties want to note affirmatively that some type of relief is no longer being sought in order to clarify how the case should proceed.  For example, the parties might state that the plaintiff withdraws her request for damages and, as result, the case can proceed nonjury.

though it may not have been sought in pleadings.'" Carter v. Diamondback Golf Club, Inc., 222 Fed.App'x. 929, 931 (11th Cir. 2007) (unpublished) (quoting Fitzgerald v. Sirloin Stockade, Inc., 624 F.2d 945, 957 (10th Cir. 1980)). And, consistent with this statement, Fed.R.Civ.P. 54(c) provides that "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Therefore, the absence of any request for injunctive or declaratory relief in the pretrial order in this case does not mean that Cooper waived or withdrew any entitlement to such after trial.

Nonetheless, the court, in the exercise of its discretion, is convinced that Cooper should not receive her requested injunctive relief because she is no longer employed by Ambassador. See Wallace v. Dunn Constr. Co., Inc., 62 F.3d 374, 380 (11th Cir. 1995) (finding that, in a case under the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1), injunctive relief would be inappropriate

12

because the plaintiff was no longer employed by the defendant); <u>McCaskill v. ConAgra Foods, Inc.</u>, 296 F.Supp.2d 1311, 1321 (M.D. Ala. 2003) (Albritton, J.) ("In the Eleventh Circuit, injunctive relief is also unavailable as a remedy" for a Title VII violation when the plaintiff is no longer employed by the defendant.)

Cooper's request for declaratory relief is due to be denied for the same reason.  Because she no longer works for Ambassador, the declaration she seeks would not clarify the parties' legal relationship.  As the Eleventh Circuit Court of Appeals expressed in <u>Canup</u>, "the real value of the judicial pronouncement--what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion--is in the settling of some dispute <u>which affects the behavior of the defendant towards the plaintiff</u>." 123 F.3d at 1443 (emphasis in original) (quoting <u>Hewitt v. Helms</u>, 482 U.S. 755, 761 (1987)).    "[D]eclaratory relief will change the

13

relationship between plaintiff and defendant; the jury's verdict in this case did not." 123 F.3d at 1443 n.4.

To be sure, it could be argued that injunctive and declaratory relief might be appropriate, even in the absence of a plaintiff's entitlement to re-employment with the company, where, for example, the company engaged in widespread gender discrimination of the type challenged or had an official policy for such or where the company continued to engage in such gender discrimination even after being confronted with it. See Canup, 123 F.3d at 1443 n. 5 ("Consider a case in which a company-wide policy that violates Title VII contributed to a plaintiff's termination--yet, the jury still believed the termination would have occurred notwithstanding the discriminatory policy. No damages would be awarded, but injunctive relief might be appropriate. In that case, the public purpose for the suit is greater, and affirmative relief would have been obtained--even though the plaintiff could not be

14

benefitted because the District Court would lack the power to order reinstatement."). But this court has no evidence before it that would support a finding of such broad or persistent discrimination or something comparable to it.

**Attorney's Fees**: Whether to award attorney's fees to Cooper requires a different analysis, though the Eleventh Circuit's opinion in Canup proves instructive on this question as well. In Canup, the appellate court addressed whether a district court properly declined to award attorney's fees in a mixed-motive case under Title VII; there, a jury determined that an unlawful factor motivated an employment decision, but also found that the defendant would have terminated the plaintiff even absent the unlawful factor. 123 F.3d at 1442-44.

The Canup court held that, in such a mixed-motive case, "the starting point for considering fee requests under § 2000e-5(g)(2)(B) must be the degree of success obtained by the plaintiff." Id. at 1444. Courts should

15

look to the facts of a given case before deciding whether to award attorney's fees. Id. at 1443-44. Guided by considerations of proportionality, the Canup court observed that, "Some mixed-motive cases will evidence a widespread or intolerable animus on the part of a defendant; others will illustrate primarily the plaintiff's unacceptable conduct which, by definition, will have justified the action taken by the defendant." Id. at 1444 (quoting Sheppard v Riverview Nursing Ctr., 88 F.3d 1332, 1336 (4th Cir. 1996)). As a result, Title VII "allows district courts to distinguish among cases that are in reality quite different." Canup, 123 F.3d at 1444.

In Canup, the Eleventh Circuit concluded that the district court did not abuse its discretion by refusing to award attorney's fees, for the plaintiff had not achieved compensatory, punitive, or injunctive relief, and, accordingly, his degree of success on the merits was

low; further, the plaintiff failed to show widespread or intolerable animus on the part of the defendant.

To be sure, subsequent to <u>Canup</u>, the Tenth Circuit Court of Appeals declared that a plaintiff in a mixed-motive case will ordinarily be awarded attorney's fees in all but special circumstances, regardless of whether that plaintiff achieved damages or injunctive relief. <u>Gudenkauf v. Stauffer Commc'ns, Inc.</u>, 158 F.3d 1074, 1081 (10th Cir. 1998). In reaching this conclusion, the Tenth Circuit considered not only the discretionary language in the text of 42 U.S.C. § 2000e-5(g), but also Title VII's legislative history. <u>Gundenkauf</u> observed that "Congress has clearly indicated that redress is ... appropriate in these circumstances to avoid 'send[ing] a message that a little overt sexism or racism is okay, as long as it was not the only basis for the employer's action.' H.R.Rep. No. 102-40(I) at 47." <u>Gudenkauf</u>, 158 F.3d at 1082.

However, in <u>Canup</u> the Eleventh Circuit explicitly rejected a presumption in favor of attorney's fees in mixed-motive cases.  123 F.3d at 1443.  And a fair reading of <u>Canup</u> counsels against an award of attorney's fees in the current case.  Like the plaintiff in <u>Canup</u>, Cooper has obtained little success on the merits, and she has not received any form of relief.  Additionally, there is no credible evidence of widespread or persistent discriminatory practices toward women generally or pregnant women in particular.  Due to "the relative lack of success achieved and the technical nature of [Cooper's] victory," <u>id</u>., 123 F.3d at 1445, this court will not award attorney's fees in this case.

<u>Court Costs</u>:  In its final judgment in favor of Ambassador, this court awarded court costs to the company as well; Ambassador has filed a cost bill of $ 2,567.64.  With her motion for modification, Copper challenges that award on two fronts.  First, there is the question whether costs should have been awarded in favor of

Ambassador; and, second, if not, there is the question whether costs should now be awarded in favor of Cooper.

The court concludes that it should not have awarded court costs in favor of Ambassador. In awarding costs to Ambassador, the court relied on Fed.R.Civ.P. 54(d)(1), which provides, in part, that, "Unless a federal statute, these rules, or a court order provides otherwise, costs ... should be allowed to the prevailing party." The court did not consider the specific provision in Title VII applicable to this case, which provides that upon a finding pursuant to 42 U.S.C. § 2000e-2(m) that a woman's gender or pregnancy was a motivating factor in the employer's adverse-employment action, a court "may grant ... costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e-2(m)." 42 U.S.C. § 2000e-5(g)(2)(B).

Because "it is a basic principle of statutory construction that a specific statute ... controls over a general provision," HCSC-Laundry v. United States, 450

U.S. 1, 6 (1981) (per curiam), it could be reasonably argued that this court, in awarding court costs in this Title VII case, should have looked to only the applicable Title VII provision and not to Rule 54(b).  In addition, because the Title VII provision could be interpreted to allow costs to only the plaintiff (for there is no language in the provision for taxation of costs against the plaintiff or in favor of the defendant) upon a finding that gender or pregnancy was a motivating factor in the defendant's adverse-employment action, it could be further reasonably argued that the defendant cannot, as a matter of law, recover costs in the face of such a finding.  But cf. Davis v. City of Hollywood, 120 F.3d 1178, 1181 (11th Cir. 1997) (the provision in the Fair Labor Standards Act that provides that, "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of

the action," 29 U.S.C. § 216(b), does not preclude an award of costs to a prevailing defendant).

This court need not resolve whether the defendant can never recover costs in the face of a finding that an impermissible factor under Title VII was a motivating factor in the defendant's adverse-employment action, for, even if there are circumstances where the defendant can recover, this case does not present them. The court, in the exercise of its discretion, believes that in this case it was not appropriate for it to have awarded costs to Ambassador. It is one thing to deny costs to a plaintiff despite a finding of an impermissible-motivating factor in the defendant's adverse-employment action; it is quite another thing to go further and actually saddle the plaintiff with the defendant's costs in the face of a finding of unlawful motivation in clear violation of federal law. Moreover, after a full reconsideration of the evidence, the court is convinced that both Cooper and Ambassador are relatively equally

21

culpable, that is, neither party's wrongful conduct so outweighed the other's as to give the court the sense that one party was more wronged or more deserving in the eyes of the court than the other. While Cooper undoubtedly deserved to be fired, her pregnancy was still a motivating factor for her termination. As a result, Ambassador should not recover costs.

There is still the separate question, however, of whether Cooper should recover court costs from Ambassador. Title VII provides that a court "may grant ... costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e-2(m)." (Emphasis added.) In its use of the word "may," Title VII is similar to 28 U.S.C. § 1332(b), which provides generally that, when a plaintiff recovers less than the jurisdictional amount in a diversity case, "the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff." (Emphasis added.) In the same way that § 1332(b) gives a district court the

discretion to award costs to the defendant when a plaintiff recovers less than the jurisdictional amount in a diversity case, <u>Cosgrove v. Bartolotta</u>, 150 F.3d 729, 734 (7th Cir. 1998) (§ 1332(b) gives court discretion to award costs to the defendant in a case in which the plaintiff fails to recover at least the statutory minimum), Title VII empowers district courts with the discretion to award costs to the plaintiff upon a finding that there was an impermissible motivating factor in the defendant's adverse-employment action.   However, with this discretion comes the obligation on the part of the district court to give reasons for why that discretion was exercised the way it was.   <u>Cf</u>. <u>Dr. Franklin Perkins Sch. v. Freeman</u>, 741 F.2d 1503, 1525 (7th Cir. 1984) ("When the statute [§ 1332(b)] gives the district court judge the discretion to impose costs, the reasons supporting that determination should be stated.").

   An obvious place to begin in the assessment of whether to allow a plaintiff to recover costs based on a

finding of an illegal-motivating factor in the defendant's adverse-employment action is the relative culpability of the opposing parties. Here, as stated, the court is convinced from the evidence that both Cooper and Ambassador are relatively equally culpable; while Cooper's pregnancy was a motivating factor in Ambassador's decision, she still without question deserved to be fired. As a result, Cooper should not recover costs from Ambassador.[4]

***

In conclusion, the court holds that Cooper's motion to modify should be granted to the extent that the court awarded court costs against her and the motion should be

---

4. Because the court finds that Cooper may not recover either attorney's fees or court costs, the court need not address what the phrase "directly attributable only to the pursuit of a claim under section 2000e-2(m)" in § 2000e-5(g)(2)(B) means and, in particular, how that phrase might restrict what fees and costs a plaintiff may recover.

denied in all other respects.  As a result, Cooper will still obtain no relief, judgment will remain in favor of Ambassador, and the parties will bear their own attorney's fees and costs.  An appropriate order will be entered.

DONE, this the 11th day of August.


    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE